UNITED STATES DISTRICT COURT
NORTHERNDISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JENNIFERLYNN SMITH ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> GEETA, INC. a Georgia Profit ) <br> Corporation; and Mukesh Merchant, an ) <br> individual, ) <br> ) <br> Defendants. ) | Civil Action Number: 2:11-CV-0141-WCO <br><br> FLSA Action <br><br> Jury Trial Demanded |

## COMPLAINT

COMES NOW Plaintiff Jennifer Smith (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendants Geeta Inc. ("Geeta"), and Mukesh Merchant ("Merchant") (hereinafter collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the minimum wage and overtime provisions of the

FLSA by Defendants which have deprived Plaintiff, of her lawful minimum hourly and overtime wages.

2. Plaintiff is employed by Defendants as a front desk clerk at Defendants' Quality Inn Hotel located at 15 Yonah Street, Helen, White County, Georgia 30545 2120 (hereinafter "Defendants' Helen Location").

3. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at least minimum wage for all hours worked and by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks unpaid minimum hourly wage and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in White, Georgia (within this District) and is a citizen of the United States. Plaintiff has been employed by Defendants at Defendants' Helen Location, from on or about November 9, 2010, up to the present, primarily performing front desk clerk related duties.

8. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendants.

9. Defendant Geeta is a corporation formed under the laws of the State of Georgia and owns and operates overnite accommodation facilities in Helen, Georgia.

10. Defendant Merchant is listed on the Georgia Secretary of State's web site as the Registered Agent, CEO, CFO and Secretary of Defendant Geeta and is a resident of White, Georgia.

11. Defendants conduct business within this State and District.

12. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Helen Location, including the employment and pay and other practices of that operation.

13. Defendant Geeta is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Mukesh Merchant at 134 River Street, Helen, Georgia 30047.

14. Defendant Merchant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Merchant personally at 134 River Street, Helen, Georgia 30047.

15. At all times material to this action, Defendant Geetawas an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Defendant Geeta was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

17. Upon information and belief, at all times material to this action, Defendant Merchant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

18. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

19. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

20. Defendants hired Plaintiff to provide front desk clerk related services to Defendants' clients at Defendants' Helen Location.

21. Defendant Merchant was in charge of all of the individuals employed, including Plaintiff.

22. Defendant Merchant established Plaintiffs hours of work and compensation.

23. Plaintiff was required to work a set schedule which schedule was set by Defendant Merchant and required Plaintiff to work in excess of forty (40) hours a week.

24. Plaintiff regularly worked in excess of 120 hours per week for Defendants at all times relevant to this action.

25. Defendants required Plaintiff to man the front desk as a front desk clerk for up to 21 hours at a time.

26. At all times relevant to this action, Defendants regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

27. At all times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

28. At all times relevant to this action, Plaintiff was paid a salary and the resulting wages per hour were less than the federal minimum hourly wage.

29. Defendants failed to meet the requirements for paying Plaintiff minimum wage for all hours worked as required under the requirements of the FLSA, 29 U.S.C. §§ 203 and 206.

30. Defendants are liable to Plaintiff for compensation for all time worked in which she was paid at a rate of pay less than the federal minimum hourly wage rate.

31. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

32. At all times relevant to this action, Defendants had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times minimum wage at which they were by law required.

33. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

34. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times minimum wage at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

35. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

36. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

38. Plaintiff demands a jury trial.

## COUNT I

39. Plaintiff repeats and incorporates by reference paragraphs 1-38 herein.

40. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as

detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203 and 206 of the FLSA.

49. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

50. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

51. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT II

52. Plaintiff repeats and incorporates by reference paragraphs 1-38 herein.

53. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

54. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation in an amount of minimum wage and one-half.

55. As a result of Defendants' violations of the FLSA, Plaintiff, has suffered damages by failing to receive an overtime rate of minimum wage and one-half in accordance with §§ 203 and 207 of the FLSA.

56. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

57. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to minimum wage and one-half in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 7th day of June, 2011.

>MARTIN & MARTIN, LLP
>
>By: /s/ Thomas F. Martin
>Thomas F. Martin
>tfmartin@martinandmartinlaw.com
>Georgia Bar No. 482595
>Kimberly N. Martin
>kmartin@martinandmartinlaw.com
>Georgia Bar No. 473410
>
>MARTIN & MARTIN, LLP
>Post Office Box 1070
>Tucker, Georgia 30085-1070
>
>(770) 344-7267 / (770) 837–2678 Fax